NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID H. PINCKNEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KIMARIE RAHILL,<br><br>　　　　　　Defendant. | Case No. 3:22-cv-02409<br><br>**MEMORANDUM ORDER** |

CASTNER, U.S.D.J.

　　　This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff David H. Pinckney ("Plaintiff") together with Plaintiff's Complaint for a civil case. (ECF No. 1.) For the reasons stated below, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, however, Plaintiff's Complaint is dismissed with prejudice, as it seeks money damages and other recovery from a defendant who is immune from such relief.

**BACKGROUND**

　　　The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(a).

　　　Plaintiff filed his Complaint on April 26, 2022. (ECF No. 1.) In that Complaint, Plaintiff alleges that "in her capacity as a 42 U.S. Code § 654, non-state employee, hearing officer, Kimarie Rahill impersonated a judicial judge and ordered the incarceration of I, David Pinckney for allegedly owing money from a contract that does not exist 'under the color of law' [Bill of Attainder]." (*Id.* at 4.)

It appears, on the face of the Complaint, that Plaintiff is suing Judge Kimarie Rahill under 28 U.S.C. § 2007 and 18 U.S.C. § 912, and also alleges that she is impersonating a judge. (*Id.* at 2-3.) In addition to requesting a $1,000,000 fine from Judge Rahill, and for all "claims/debts against the plaintiff" to be canceled, Plaintiff also requests that "the entire controversy [be] referred to law enforcement for prosecution of the defendant." (*Id.* at 4.)

## LEGAL STANDARD

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under section 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## DISCUSSION

The Court will review Plaintiff's Application to Proceed *In Forma Pauperis* before screening the Complaint. Plaintiff's Application to Proceed *In Forma Pauperis* is sufficient under

§ 1915(a).  Plaintiff provides detail regarding his income, assets, and his expenses.  He states that his only asset is his 2012 Honda Odyssey, and that his expenses nearly outpace his income.  He also identifies two minor dependents under the age of seventeen.  Considering these circumstances, the Court grants Plaintiff's Application to Proceed *In Forma Pauperis.*

However, the Court will dismiss Plaintiff's Complaint because it seeks money damages from a defendant that is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(iii).  Despite Plaintiff's assertions, this Court finds that Judge Rahill is not impersonating a judge.  A court may, on its own, take judicial notice of "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  According to public record, Judge Rahill is a Superior Court Judge in the State of New Jersey.  A judge has absolute immunity for actions performed in a judicial capacity.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  According to the Complaint, Defendant "order[ed] the incarceration" of Plaintiff.  Plaintiff seeks monetary damages.  The Complaint does not allege any facts that suggest Defendant acted outside her judicial capacity.  *See Stump*, 435 U.S. at 362 (explaining that judicial capacity extends to acts normally performed by a judge).  Therefore, Defendant is immune, *id*. at 356–57, and the statute requires dismissal.  28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent Plaintiff seeks criminal penalties against Defendant, a private citizen cannot bring a criminal action against another person in federal court.  *See Kent v. Heridia,* 478 F. App'x 721, 723 (3d Cir. 2012).

For the reasons described above, the Court must dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

For the foregoing reasons,

IT IS, on this 13th day of May 2022,

**ORDERED** that Plaintiff's Application to Appeal *In Forma Pauperis* (ECF No. 1) is GRANTED; and it is further

**ORDERED** that the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/ Georgette Castner*
GEORGETTE CASTNER, U.S.D.J.